UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA              :

   - v. -                                      :

SAEED TALEBI,                         :
    a/k/a "Al,"
    a/k/a "Allen Talebi,"               :

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x



INDICTMENT

12 CRIM 295

COUNT ONE

(Conspiracy to Violate the International Emergency Economic Powers Act ("IEEPA"))

    The Grand Jury charges:

    1.  From at least in or about 2008, up to and including in or about December 2011, in the Southern District of New York and elsewhere, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to violate, and to cause a violation of, licenses, orders, regulations, and prohibitions issued under the International Emergency Economic Powers Act, Title 50, United States Code, Sections 1701 to 1707, and Part 560 of Title 31, Code of Federal Regulations.

    2.  It was a part and an object of the conspiracy that SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, and others known and unknown, would and did export, reexport, sell, and supply, and cause to be exported, reexported, sold,



supplied, directly and indirectly, from the United States, goods, technology, and services, to wit, parts and goods designed for use in industrial operations, including petrochemical plants, to customers located in Iran, without obtaining the required approval of the Office of Foreign Assets Control, within the United States Department of Treasury, in violation of Title 50, United States Code, Sections 1701 to 1707, and Title 31, Code of Federal Regulations, Sections 560.203 and 560.204.

### Overt Acts

3.  In furtherance of the conspiracy and to effect the illegal object thereof, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, and others known and unknown, committed the following overt acts in the Southern District of New York and elsewhere:

a.  On or about April 27, 2010, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, through a particular company ("Company-1"), ordered approximately $390,000 worth of goods from a supplier located in Ardsley, New York, in the Southern District of New York ("Supplier-1").

b.  On or about May 4, 2010, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, caused approximately $58,475 to be wired to the Manhattan bank account of Supplier-1 in connection with the April 27, 2010 order described above.

c.  On or about June 29, 2010, SAEED TALEBI,

a/k/a "Al," a/k/a "Allen Talebi," the defendant, caused approximately $39,000 to be wired to the Manhattan bank account of Supplier-1 in connection with the April 27, 2010 order described above.

  d. On or about August 18, 2010, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, caused approximately $292,475 to be wired to the Manhattan bank account of Supplier-1 in connection with the April 27, 2010 order described above.

  e. On or about April 20, 2011, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, instructed a co-conspirator not named as a defendant herein ("CC-1") that the consignee for goods that had been shipped to Dubai from a supplier in the United States ("Supplier-2") was a petrochemical company in Iran.

  f. In or about August 2011, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, advised a freight forwarder in Dubai that a shipment of goods purchased from a supplier in the United States ("Supplier-3") was destined for a petrochemical company in Iran.

  g. On or about September 5, 2011, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, apologized to a customer of Company-1 about delays in satisfying a particular order. He concluded, "So we will be thankful if you let us have

3

2-3 weeks extra time for delivering your order which you know the problems issue for shipment to Iran as per U.S. Embargo."

        h.  On or about October 6, 2011, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, received an e-mail confirming that goods purchased by Company-1 from a supplier in the United States ("Supplier-4") had been shipped to a petrochemical company in Iran.

        i.  On or about October 13, 2011, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, asked CC-1 for advice on what to tell Supplier-3 in response to its concerns that Company-1 was attempting to evade export controls with respect to a shipment of goods from the United States.

(Title 50, United States Code, Section 1705.)

## COUNT TWO

### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

4.  From at least in or about 2008, up to and including in or about December 2011, in the Southern District of New York and elsewhere, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(2)(A).

5.  It was a part and an object of the conspiracy that

4

SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds to places in the United States from and through places outside the United States, in amounts exceeding $10,000, with the intent to promote the carrying on of specified unlawful activity, to wit, illegal export of goods to Iran, in violation of Title 50, United States Code, Section 1705 and regulations promulgated thereunder, in violation of Section 1956(a)(2)(A) of Title 18, United States Code.

### Overt Acts

6.   In furtherance of the conspiracy and to effect the illegal object thereof, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, and others known and unknown, committed the overt acts set forth in paragraph 3 of this Indictment, which are fully incorporated by reference herein.

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

(As to Count One)

7. As a result of committing the offense charged in Count One of this Indictment, in violation of 50 U.S.C. § 1705, and regulations promulgated thereunder, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense.

### Substitute Assets Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third party;

   (3) has been placed beyond the jurisdiction of the court;

   (4) has been substantially diminished in value; or

   (5) has been commingled with other property which

6

cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 28, United States Code, Section 2461.)

## FORFEITURE ALLEGATIONS

(As to Count Two)

9. As a result of committing the money laundering offense charged in Count Two of this Indictment, SAEED TALEBI, a/k/a "Al," a/k/a "Allen Talebi," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to, a sum of money representing the amount of property that was involved in the money laundering offense or is traceable to such property.

### Substitute Assets Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of

7

the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982.)

_____
FOREPERSON

_____
PREET BHARARA  MF
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

SAEED TALEBI,
a/k/a "Al,"
a/k/a "Allen Talebi,"

Defendant.

INDICTMENT

12 Cr.

(18 U.S.C. § 2, 1956; 50 U.S.C. § 1705;
31 C.F.R. §§ 560.203, 560.204.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.